**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

  vs.                                        NO.  CV - 08 - 890 JC/WDS
                                                NO.  CR - 03 - 919 JC

**RUBEN JARAMILLO,**

    **Defendant/Petitioner**

**MAGISTRATE JUDGE'S PROPOSED**
**FINDINGS AND RECOMMENDED DISPOSITION[1]**

This is a Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 by Ruben Jaramillo. (Document No. 1)  Jaramillo is acting *pro se*.  Respondent filed a response in opposition to the motion.  (Document No. 11)  Petitioner did not file a reply.  The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends the Motion should be denied.  Because the issues are resolved on the pleadings, and the record establishes conclusively that Jaramillo is not entitled to relief, an evidentiary hearing is not necessary.  28 U. S. C. §2255; *Trice v. Ward* 196, F. 3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U. S. 835 (2000).  The court makes the following findings and recommended disposition.

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

## CLAIMS

Jaramillo asserts three grounds which are essentially claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution as a result of defense counsel's failure to adequately represent him during his criminal proceedings. Specifically, he asserts ineffective assistance of counsel in relation to: (1) defense counsels' alleged failure to file a motion and argue that he was incompetent to stand trial; (2) defense counsel's threats and coercion in forcing him to plead guilty, thereby making the plea involuntary, unknowing, and unintelligent; and (3) defense counsel's failure to advise him of his right to a speedy trial, which he did not waive. Counsel for the United States identifies a fourth ground found under Paragraph 18 of the Motion entitled "Timeliness of Motion" as a combination of the first three. In the Court's opinion the Movant is merely accounting for the timeliness of the petition and states no new ground for relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was originally arrested and charged in a criminal complaint with being a felon in possession of a firearm and ammunition, which offense allegedly occurred on 15 April 2004. He was represented at his detention and preliminary hearing by Margaret Katze. On May 20, 2004, he was indicted on the same charges. On June 3, 2004, the government filed a Motion for Determination of Mental Competency to Stand Trial and Psychiatric Examination. On June 7, 2004, the case was transferred from Albuquerque to Las Cruces. On June 10, 2004 Robert Gorence was substituted as Petitioner's retained counsel. The motion for a determination of mental competency was amended twice, with the second amended motion being granted on July 21, 2004. On March 14, 2005, the Psychiatric Evaluation Report was filed. On April 11, 2005, a competency hearing

was held before Judge Karen Molzen.  On April 13, 2005, Judge Molzen entered an order finding Defendant competent to stand trial.

On July 11, 2005, Robert Gorence was allowed to withdraw.  On July 21, 2005, a 10 count superceding indictment was filed.  On July 27, 2005, the Court entered an order appointing David Proper to represent Peititioner.  On August 1, 2005, the Court appointed Francisco Ortiz to represent Petitioner and subsequently David Proper was allowed to withdraw.  On November 21, 2005, a change of plea hearing was held before Judge Molzen.  Petitioner pled guilty to Count 9 of the 10 count superceding indictment in return for a dismissal of the other 9 counts and an agreement to cooperate with the government.  Count 9 of the superceding indictment charged Petitioner with possessing a firearm in furtherance of a drug trafficking crime.

The case was assigned to Judge John Conway on December 29, 2005.  In February Judge Conway allowed the withdrawal of attorney Ortiz and substituted David Kimmelman to represent Petitioner. On March 28, 2006, Petitioner filed a motion to withdraw plea.  On June 28, 2005, a hearing was held before Judge Conway.  The motion to withdraw the plea was denied.  On December 21, 2006, Petitioner was sentenced according to the plea agreement to 27 years imprisonment.  Todd Hotchkiss was substituted for Kimmelman to handle the appeal.  The appeal was denied by the 10th Circuit Court of Appeals on January 25, 2008.  This petition was timely filed.

**STANDARD OF REVIEW**

Since Jaramillo is in federal custody pursuant to the judgment of a federal court, 28 U.S.C. §2255 applies.  A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28

U.S.C. § 2255.  Petitioner's claim of ineffective assistance of counsel, if proved, would constitute a denial or infringement of his constitutional rights.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's allegations are correctly styled as an ineffective assistance of counsel claims. The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel.  In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense."  *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).  To establish deficient performance, Lennon must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice, Lennon "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the

prejudice prong first and exclusively, if that is the easier course. *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).

## DISCUSSION

Petitioner's three claims allege three separate instances of ineffective assistance of counsel. As noted above Petitioner had numerous counsel throughout the proceedings. Ms Katze was counsel only for the pre-trial matters which occurred before the case was transferred to Las Cruces. Mr. Proper was Petitioner's counsel for a short period of time between Gorence's withdrawal and the entry of Mr. Ortiz. Appellate counsel, Todd Hotchkiss, who had no personal contact with the Petitioner, was appointed to file the appeal. Though Petitioner does not specify in his Petition which counsel was deficient in the three alleged instances of ineffective assistance, it is clear that the claims of ineffective assistance of counsel could not apply to these three counsel. This Report and Recommendation will consider the conduct of the other three counsel.

## GROUND ONE - COMPETENCY

In this ground Petitioner argues that he was deprived of his right to effective assistance of counsel when his court appointed counsel failed to make and argue a motion that he was incompetent to stand trial. Further he alleges that he was examined by four doctors during the pendency of his indictment with three of the doctors opining that he was incompetent to stand trial and to assist in his own defense. Jaramillo does not identify which one of his six attorneys' performance is being challenged here. There was an initial question of Jaramillo's competency as the United States moved for determination of his mental competency (the original motion was filed on June 3, 2004, an unopposed Amended Motion was filed on June 16, and a Second Amended Motion was filed on July 15)**.** On July 21, 2004 the Court granted the Second Amended Motion. At the time the Court ordered the mental evaluation Robert Gorence was retained counsel and he

5

did not oppose the government's motion.  Jaramillo was then sent for an evaluation.  The Court received the evaluation on March 14, 2005.

Contrary to Jaramillo's assertion, no doctor at the federal medical facility found Jaramillo incompetent. See Document 25.  Prior to the federal indictment, a state doctor had examined Jaramillo in 2001 and 2004 and found him incompetent to stand trial.  Based upon that determination certain state charges were dismissed.  This prior examination was noted by the doctors at the federal facility.  After their thorough examination, however, they found Jaramillo competent to stand trial and to assist in his defense (Document 30, page 14). The underlying basis for his claim in this regard is, therefore, found not to be factual.

A competency hearing was held on April 11, 2005.  Mr. Gorence represented Jaramillo at that hearing.  Gorence stated to the Court that he had discussed the mental evaluation with his client. He also advised that he would advise the Court if the situation changed and Jaramillo could no longer assist in his defense.  Though Gorence did not contest the evaluation, his failure to do so cannot be said to be unreasonable.  Considering the information in the report that his client was competent, it was a reasonable exercise of his professional judgment not to contest the report. Additionally, there does not appear to be any evidence, other than the fact of the previous evaluation by the state doctor in another case, that Jaramillo was incompetent.  The evaluation itself provides ample evidence of attempts by Jaramillo to subvert the evaluation process and provides sufficient evidence of Jaramillo's competency.

It is clear from the affidavit of Mario Ortiz, the court appointed counsel who ultimately took over the case through the entry of a guilty plea, that he perceived no competency issues.  The facts outlined in his affidavit demonstrate that Jaramillo was actively engaged in his own defense and understood what his options were.  Similarly, David Kimmelman, an experienced attorney who

6

represented Jaramillo in the attempt to withdraw the guilty plea and at sentencing, did not note any competency issues**.**

Accordingly, the first claim has no basis in fact or law and should be dismissed.

### GROUND TWO - WAS PETITIONER COERCED, THREATENED AND FORCED TO PLEAD GUILTY

In this claim Jaramillo asserts that he was forced and harassed to plead guilty, contrary to his desire to have his case tried to a jury. This claim is without merit. Petitioner gives no specifics as to what pressure, harassment, coercion, or threats were inflicted upon him. At his plea hearing in front of Judge Molzen, Jaramillo was advised of his rights and questioned at great length about his understanding of his rights. These rights included his right to a jury trial. Judge Molzen noted that the guilty plea was a serious matter and that Jaramillo faced significant jail time if he were to go forward with his plea of guilty. Jaramillo indicated that he understood all of his rights, knew he would be giving up his rights, and understood the potential penalty. He specifically noted that he had not been coerced or threatened in order to get him to plead guilty and that he was pleading guilty voluntarily. Jaramillo also knew that as a part of his plea agreement he would be required to cooperate with authorities, which he ultimately did.

In addition to the lengthy providency inquiry**,** Judge Molzen went over the facts of the case with Jaramillo. His responses to her questions made his guilt abundantly clear. After receiving his guilty plea Judge Molzen found Jaramillo to be fully competent and capable of entering an informed plea, found that he was aware of the nature of the charges and the consequences of the plea and that the plea was a knowing and voluntary plea.

Jaramillo's generalized claim that he was coerced, threatened, etc. is without support in the record and should be denied.

### GROUND THREE - COUNSEL FAILED TO ADVISE
### AS TO RIGHT TO SPEEDY TRIAL

Jaramillo's last claim asserts that his lawyer (identity not stated) did not advise him of his right to a speedy trial, that he did not get a speedy trial and that he did not waive his right to a speedy trial. Again, this claim is without merit, legally or factually. As noted above Jaramillo did knowingly and voluntarily waive his right to a jury trial and pled guilty. There were no inordinate delays in the processing of this case. There was no violation of his right to a speedy trial. The continuances requested by his counsel were all reasonable given the complexity of the case, the competency issues, and the fact of the superceding indictment. Presuming for the sake of argument that his attorneys failed to explain his right to a speedy trial, and presuming that the failure to advise him of his right to a speedy trial was constitutionally deficient, Jaramillo must also have been prejudiced by the deficient performance in order to be entitled to relief.. *Strickland v. Washington*, 466 U.S. 668 (1984). Given Jaramillo's decision to plead guilty and given his waiver of a jury trial, he in no way was prejudiced by any failure in this regard. This claim should be dismissed.

### DENIAL OF EVIDENTIARY HEARING

Petitioner has the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) Under §2255, there is a right to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255; *see also, United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) A hearing is not required when a defendant's allegations of fact supporting his or her claims are conclusory and unsupported by the record, are shown to be meritless, or are "affirmatively contradicted" by the files and record. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the

factual allegations, if true, would meet both prongs of the *Strickland* test.

For the reasons stated above, the court finds that Petitioner has not made a colorable showing that his counsel were inadequate in any way, let alone that their performance fell below an objective standard of reasonableness. Even if the performance was deficient in the area of advising him of his right to a speedy trial, there was no prejudice. Furthermore, the Court finds that Petitioner's arguments were conclusory, meritless, and "affirmatively contradicted" by the record. Accordingly, he can meet neither prong of the *Strickland* test and an evidentiary hearing is not necessary.

### RECOMMENDED DISPOSITION

The court recommends that Jaramillo's Motion Pursuant to 28 U. S. C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody be DISMISSED with prejudice. Timely objections to the foregoing may be made pursuant to 28 U. S. C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**